UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Criminal No. 02-0204 (PLF) |
| TERENCE COLES, | ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM OPINION

On April 8, 2005, the Court of Appeals remanded the record in this case for the limited purpose of permitting this Court to determine whether it would have imposed "a different sentence, materially more favorable to the defendant, had it been fully aware of the post-Booker sentencing regime." United States v. Coles, 403 F.3d 764, 771 (D.C. Cir. 2005). See Booker v. United States, 543 U.S. 220 (2005). Accordingly, on October 3, 2005, this Court ordered counsel for the parties to submit briefs setting forth their respective positions on resentencing. The Court has now received and considered those briefs.

The Court has reviewed the file in this case, including the Court's notes on the trial, the Presentence Investigation Report, the sentencing transcript, the Judgment and Commitment, and the Court's Statement of Reasons. At sentencing, the Court found that the applicable Guideline Sentencing range was 33 to 41 months for each of the two federal charges of which the defendant was convicted, two counts of bribery under 18 U.S.C. § 201(b). It

sentenced the defendant at the low-middle range of the Guidelines, 36 months, on each of those counts, the sentences to run concurrently.

The Court found that the Federal Sentencing Guidelines did not apply to the three District of Columbia Code Offenses of which the defendant was convicted: one count of conspiracy (22 D.C. Code § 1805(a)) and two counts of fraud in the first degree (22 D.C. Code § 3221(a)). The statutory maximum for D.C. Code conspiracy is five years, and the statutory maximum for fraud in the first degree is ten years. For these offenses, of course, the Court had absolute discretion, unconstrained by the Federal Sentencing Guidelines, to sentence the defendant up to the statutory maximums. In its discretion, however, the Court concluded that 36 months was a substantial enough sentence on each of the three D.C. Code offenses. It therefore sentenced the defendant to 36 months on each count, ran the sentences all concurrently with each other and concurrently with the 36-month sentences it had imposed on the federal charges.

While <u>Booker</u> permits the Court to exercise its discretion and vary from the now non-mandatory Guidelines in appropriate cases, this is a case in which the Court believes that the Guideline range of 33 to 41 months sets forth appropriate parameters for this defendant on these facts for the two federal bribery convictions. There is nothing in Mr. Coles' background or with respect to the facts of this case that would persuade the Court to vary from this Guideline range pursuant to 18 U.S.C. § 3553(a). As the Court made plain at the initial sentencing, the defendant abused the trust placed in him as a public official by the government of the District of Columbia, and he stole from the poor. His conduct was and is "deserving of condemnation." Had the Guidelines been advisory at the time of the defendant's sentencing, on a careful evaluation of the factors set forth in 18 U.S.C. § 3553(a), the Court would not have imposed a lesser sentence and

might possibly have exercised its discretion to impose a more severe sentence.  The fact that the Court made a considered judgment pre-<u>Booker</u> to go above the Guidelines' range minimum implicitly makes that clear.

      In sum, the Court would not have imposed a different sentence in this case had it been aware of the post-<u>Booker</u> sentencing regime.

      SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  May 15, 2006